Loretta H. Rush, Chief Justice of Indiana
Pursuant to Indiana Admission and Discipline Rule 23 (12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.
Stipulated Facts:Count 1. Respondent was hired by "Client 1" to expunge various criminal cases and to provide unspecified "non-lawyer assistance" in connection with an out-of-state case. Thereafter, Respondent took no action on the matter and was largely nonresponsive to Client 1's inquiries. Client 1 filed a grievance, and during the Commission's investigation Respondent told the Commission he had not pursued expungement motions because Client 1 was responsible for first gathering his own criminal records, an assertion that either was false or demonstrates a lack of competence. Respondent also falsely claimed to have earned the fee paid by Client 1.
Count 2. Respondent was hired by "Client 2" to help her get specialized driving privileges (commonly known as a "hardship license"). Thereafter, Respondent was largely nonresponsive to Client 2's inquiries, and Respondent never filed anything on her behalf.
Count 3. Respondent appeared in a felony criminal matter on behalf of "Client 3," who was incarcerated pending trial. Respondent failed to appear at a plea hearing and at a subsequent show cause hearing. The trial court then appointed a public defender who completed the case. Respondent was nonresponsive to inquiries from Client 3. Respondent did not refund any portion of the funds paid to him on behalf of Client 3 or withdraw his appearance in the criminal matter.
Count 4. Respondent was hired by "Client 4," who had been convicted of murder, *695 to pursue sentence modification and/or post-conviction relief. Client 4 already had been denied post-conviction relief and there were no known grounds for a successive PCR petition. After several months, Respondent had not filed anything on Client 4's behalf. Nonetheless, Respondent falsely told Client 4's wife he had filed a sentence modification and was waiting for a court date. Client 4's wife later confronted Respondent with the fact that the online docket did not reflect anything had been filed, and Respondent falsely told her that the court had lost the paperwork. Both Client 4 and his wife separately demanded a refund of the fee and a return of paperwork, but Respondent did not respond. Client 4's wife filed a grievance, and during the Commission's investigation Respondent stated he worked 105 hours on the case and claimed to have earned the fee.
In all four of these cases, Respondent's fee agreement provided for a nonrefundable flat fee, and provided further that the flat fee arrangement would be terminated and additional costs and charges possibly incurred if the client fired Respondent.
Violations: The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:
1.1: Failing to provide competent representation.
1.3: Failing to act with reasonable diligence and promptness.
1.4(a)(3): Failing to keep a client reasonably informed about the status of a matter.
1.4(a)(4): Failing to comply promptly with a client's reasonable requests for information.
1.5(a): Charging an unreasonable fee.
1.16(d): Failing to refund an unearned fee upon termination of representation.
3.2: Failing to expedite litigation consistent with the interests of a client.
3.4(c): Knowingly disobeying an obligation under the rules or an order of a court.
8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.
8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.
Discipline: The parties propose the appropriate discipline is a one-year suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.
For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than one year, without automatic reinstatement, beginning May 24, 2018. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, *696 and fitness to practice law. See Admis. Disc. R. 23(18)(b).
The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.
All Justices concur.